UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

D3 ENGINEERING, PLLC,

                                                                                 **ANSWER**

                                  Plaintiffs,

           vs.                                                   Case No.: 6:11-cv-06523 (CJS)

LUMASENSE TECHNOLOGIES, INC. and
MIKRON INFRARED, INC.,

                                  Defendant.
_____

        Defendants, Lumasense Technologies, Inc. and Mikron Infrared, Inc. ("Defendants") by their attorneys, Phillips Lytle LLP, answer the Complaint of the Plaintiff as follows upon information and belief:

        1.    Denies having sufficient knowledge to form a belief as to the truth of those allegations contained in paragraphs 1, 8 and 9 of the Complaint and, therefore, denies the same.

        2.    With respect to paragraph 2 of the Complaint, admits only that Lumasense Technologies, Inc. is a Delaware corporation with a principal place of business and headquarters located in Santa Clara, California, and denies all other allegations in the paragraph.

        3.    With respect to paragraphs 3 and 4 of the Complaint, admits only that on or about July 1, 2011, Mikron Infrared, Inc. merged with Lumasense Technologies, Inc. and denies all other allegations in these paragraphs.

        4.    Concerning the allegations contained in paragraphs 5 and 6 of the Complaint, Defendants admit only that there were certain documented transactions and/or communications concerning Plaintiff and/or Defendants, refers to these documents for their

content and context, and denies all other allegations contained in these paragraphs.

      5.      Denies the allegations in paragraphs 7, 12, 13, and 14 of the Complaint.

      6.      Concerning the allegations contained in paragraph 10 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 9 of the Complaint.

      7.      Denies each and every other allegation in the Complaint not heretofore otherwise admitted, denied or controverted.

## FIRST DEFENSE

      8.      Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

      9.      A defense is founded upon documentary evidence.

## THIRD DEFENSE

      10.      Plaintiff is barred from prosecuting this action by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## FOURTH DEFENSE

      11.      Plaintiff would be unjustly enriched by any of the relief claimed in the Complaint.

## FIFTH DEFENSE

      12.      Plaintiff has failed to mitigate its damages.

## SIXTH DEFENSE

      13.      Whatever damages and injuries alleged by Plaintiff, if any, occurred in whole or in part as a result of Plaintiff's contributory negligence and/or culpable conduct.

## SEVENTH DEFENSE

      14.      The damages and injuries alleged by Plaintiff, if any, were caused or

contributed to by the neglect, fault, culpable conduct and/or intentional actions of third parties for whose actions, omissions, or breaches of legal duty, the answering defendants are not liable.

### EIGHTH DEFENSE

15. Plaintiff's claims for damages are offset, in whole or in part, by its own culpable conduct and breaches of contract.

### NINTH DEFENSE

16. Plaintiff's claim for attorney's fees is not permissible.

### TENTH DEFENSE

17. Plaintiff is barred from prosecuting this action by the parole evidence rule.

### ELEVENTH DEFENSE

18. Plaintiff is barred from prosecuting this action by the Statute of Frauds.

### TWELFTH DEFENSE

19. Plaintiff has not made the required due demand on Defendants for payment of the alleged amounts claimed to be due, with respect to the amounts claimed in the cause of action alleging liability for an account stated.

20. Plaintiff is barred from prosecuting this action because there was no presentation of any account, no agreement or promise to pay made by Defendants, and no delivery and acceptance without objection, with respect to the amounts claimed in the cause of action alleging liability for an account stated.

## THIRTEENTH DEFENSE
## AND FIRST COUNTERCLAIM AGAINST PLAINTIFF

21. Defendants repeat and reallege the paragraphs set forth above in this Answer as if they were fully set forth herein.

22. On or about May 10, 2010, Plaintiff and Lumasense Technologies, Inc. and/or Mikron Infrared, Inc. entered into a purchase order agreement, wherein Plaintiff agreed to provide certain engineering services for the production of a digital camera system (the "Project").

23. On or about June 1, 2010, July 12, 2010, September 1, 2010, and February 3, 2010, Plaintiff and Lumasense Technologies, Inc. and/or Mikron Infrared, Inc. entered into additional purchase order agreements for further services related to the Project.

24. The May 10, 2010, June 1, 2010, July 12, 2010, September 1, 2010, and February 3, 2010, purchase order agreements are hereinafter collectively referred to as the "Agreement".

25. On or about May 24, 2010, Plaintiff delivered a presentation to Lumasense Technologies, Inc. and/or Mikron Infrared, Inc. regarding the services Plaintiff would provide under the Agreement for the Project.

26. Under the Agreement, Plaintiff was required to complete a proof-of-concept design for a digital camera system and deliver a working pre-production digital camera system with all the documentation and test procedures required for the camera system to be placed into production.

27. Under the Agreement, Plaintiff was required to complete the Project no later than December 3, 2010. A copy of the schedule of the work to be completed under the Agreement is attached hereto as Exhibit A.

28. Plaintiff failed to complete any portion the Project under the schedule of work detailed in Exhibit A.

29. Plaintiff failed to complete the Project by December 3, 2010.

30. The digital camera system delivered by the Plaintiff was not ready to be placed into production.

31. The digital camera system delivered by the Plaintiff was defective and was not ready to be placed into production for the following reasons:

   a. The power supplies for the camera system did not work.
   b. The power start-up sequencing for the camera system did not work.
   c. The operating noise of the camera system was 10 times higher than allowed.
   d. A power supply on the camera system detector board injected 5 volts into a 5 volt output of the I2C level shifting chip.
   e. The ground planes on the main board allowed too much noise, requiring the removal of two layers from the board.
   f. The firmware did not serialize access to shared hardware resources, resulting in timing-related failures.
   g. The firmware for the camera system initialized the hardware incorrectly.
   h. Multiple firmware functions were inoperable.

32. Plaintiff's failure to timely complete the Project was a breach of the terms and conditions of the Agreement.

33. Plaintiff's delivery of a defective digital camera system that was not ready to be placed into production was a breach of the terms and conditions of the Agreement.

34. Following a breach of the terms and conditions of the Agreement, Defendants were entitled complete the work under the Agreement and recover from the Plaintiff all damages sustained as a consequence of the Plaintiff's breach of contract.

35. Defendants completed the work under the Agreement to produce a working pre-production digital camera system with all the documentation and test procedures required for the camera system to be placed into production.

36. The costs to remedy the Plaintiff's defective work include, but are not limited to, the costs of Defendants expending thirty person months of engineering time over a five month period in the amount of $300,000.00.

37. The costs to replace and/or repair the hardware associated with the excessive noise of the camera system were approximately $6,000.00.

38. Defendants suffered substantial and continuing economic injury and are entitled to recover monetary damages for the loss of business resulting from the Plaintiff's failure to timely complete the Project.

39. By reason of the foregoing, Defendants have been damaged in an amount not less than $306,000.00, plus additional damages for Defendants' loss of business, together with interest thereon, and are entitled to a judgment in such amount against the Plaintiff.

### FOURTEENTH DEFENSE
### AND SECOND COUNTERCLAIM AGAINST PLAINTIFF

40. Defendants repeat and reallege the paragraphs set forth above in this Answer as if they were fully set forth herein.

41. Following a breach of the terms and conditions of the Agreement, under the Uniform Commercial Code, Defendants were entitled complete the work under the Agreement and recover from the Plaintiff all damages sustained as a consequence of the Plaintiff's breach of contract .

42. By reason of the foregoing, Defendants have been damaged in an amount not less than $306,000.00, plus additional damages for Defendants' loss of business, together with interest thereon, and are entitled to a judgment in such amount against the Plaintiff.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Complaint, and a judgment in favor of Defendants upon their Counterclaims in the amount of at least $306,000.00, together with an award of the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: Rochester, New York
November 2, 2011

                                            PHILLIPS LYTLE LLP

                                            By    /s/ Richard T. Tucker
                                                  Michael B. Powers, Esq.
                                                  Richard T. Tucker, Esq.
                                            Attorneys for Defendants
                                            1400 First Federal Plaza
                                            Rochester, New York  14614
                                            Telephone No. (585) 238-2000
                                            mpowers@phillipslytle.com
                                            rtucker@phillipslytle.com

To:    James A. Marino, Esq.
          Attorney for Plaintiff
          1 South Washington Street
          Suite 220
          Rochester, New York 14614
          Telephone No. (585) 697-1825
          jamarino@frontiernet.net

Doc # 02-257502.1